UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| ALAN KAY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:19-cv-3063 |
| ) | |
| NATIONAL REPROGRAPHICS INC. ) | |
| D/B/A BLUEDGE, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL**

COMES NOW Plaintiff, ALAN KAY (hereinafter "Plaintiff" or "Kay") and files his Complaint against Defendant, NATIONAL REPROGRAPHICS INC. D/B/A BLUEDGE (hereinafter "Defendant" or "BluEdge") and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq* (ADA) and the Illinois Human Rights Act, 775 ILCS 5/1-101, et seq. (hereinafter the "IHRA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and harassment against Plaintiff because of his disability as well as Defendant's retaliation against Plaintiff for engaging in protected activity leading to his unlawful termination.

**JURISDICTION AND VENUE**

1

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under the ADA.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the IHRA pursuant to 28 U.S.C. § 1367(a) because the Illinois state law claims are so closely related to Plaintiff's ADA claims that they form part of the same case or controversy.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6. Plaintiff, KAY, is a Citizen of the United States, and was at all times material a resident of the State of Illinois, residing in Bolingbrook.

7. Plaintiff worked for Defendant out of its offices located at 650 W Lake St., Chicago, IL.

8. Defendant, BLUEDGE, is a Foreign For-Profit Corporation, licensed and authorized to conduct business in the state of Illinois and doing business within this Judicial District, with its principal place of business in with its principal place of business in New York, NY.

9. Defendant, BluEdge, is an employer as defined by the laws under which this action arises.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On December, 15, 2017, Plaintiff dual-filed a claim with the Illinois Department of Human Rights Commission (hereinafter the "IDHR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against Defendants, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability discrimination. A copy of Charge of Discrimination is attached hereto and incorporated herein as Exhibit A.

12. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13. On February 6, 2019, the EEOC issued to Plaintiff a Dismissal and Notice of Rights. A copy of the Dismissal and Notice of Rights is attached hereto and incorporated herein as Exhibit B.

14. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant or a company that would later become part of Defendant's corporation, for approximately eight years. During his tenure, Plaintiff worked as an Account Executive at a branch of Defendant's company in Chicago, IL.

16. Plaintiff was originally hired in March 2009 by a company called Digital Imagining Resources (DIR). DIR was sold in 2014 to National Reprographics, Inc. (NRI) and employees were able to remain in their positions.

17. Subsequently, in November 2016, NRI launched a rebrand and became BluEdge; giving Plaintiff eight years of combined experience as an account executive with the company.

18. On January 30, 2017, Plaintiff was diagnosed with diverticulitis and remained home to rest on both February 1st and 2nd, 2017.

19. Plaintiff kept Peter Smith, Sales Manager, updated and informed at all times during his hospital visit and of his subsequent need for leave as a result of his diagnosis.

20. Plaintiff returned to work on February 3, 2017; however, due to the medications Plaintiff was prescribed, he became severely ill and was unable to continue working.

21. Plaintiff was forced to miss work from February 8th through February 10, 2017, as a result his body's reaction to the prescribed medications.

22. On February 8, 2017, Plaintiff contacted Lori DeHart, Human Resources Manager, to discuss applying for intermittent Family Medical Leave Act (FMLA) as a result of his medical condition.

23. Lesly Ponce, Ms. DeHart's assistant, overnighted the necessary FMLA documents to Plaintiff later that same day.

24. Several days later, Ms. DeHart contacted Plaintiff to inform him he could not apply for intermittent FMLA under Illinois laws because Defendant did not meet the statutory requirements.

25. During this same call, Ms. DeHart stated Plaintiff had not accrued enough Personal Time Off (PTO) at the time of his medical leave of absence for the company to pay him and demanded a doctor's note stating the reason for his absences.

26. Plaintiff's primary care physician sent a doctor's note to Defendant that same day.

27. Following Plaintiff's return, Mr. Smith removed items from Plaintiff's work station without permission and sent a publicly posted email containing private information regarding Plaintiff's alleged activity issues.

28. Printed activity reports from this time indicate Plaintiff was either first or second among all account executives company-wide each week.

29. Ms. DeHart also began contacting Plaintiff's superiors to request information regarding Plaintiff's behavior.

30. In May 2017, Plaintiff requested five days off as part of his vacation request.

31. At no time did Mr. Smith inform Plaintiff he had not accrued enough time to cover Plaintiff's request.

32. Plaintiff returned on May 22, 2017.

33. Upon Plaintiff's return, Mr. Smith and Gordon Reich, Regional Director, requested a meeting with Plaintiff.

34. During this meeting, Mr. Smith stated he was terminating Plaintiff's employment because Plaintiff had taken off one day over his allotted annual number of PTO days.

35. Plaintiff was also told that every time Plaintiff missed a day of work, it created a burden for Mr. Smith and Mr. Reich.

36. In accordance with company policy, Plaintiff's seven days missed as a result of his medical condition were unpaid and should not have counted against Plaintiff's PTO allotment.

37. During the termination of his employment, Plaintiff was given a termination letter. When Plaintiff requested information not contained in the letter, Mr. Smith refused to answer Plaintiff's questions and left the room.

38. Defendant failed to follow its typical progressive discipline process during the termination of Plaintiff's employment.

39. Plaintiff has been injured by Defendant's illegal conduct.

**Count I: Disability Discrimination in Violation of the ADA**

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

41. At all material times, Plaintiff was a qualified employee protected under the ADA.

42. Plaintiff suffers from a disability.

43. Defendant is prohibited under the ADA from discriminating against Plaintiff because of disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

44. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

45. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

46. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

## Count II: Retaliation in Violation of the ADA

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

48. Plaintiff engaged in protected activity under ADA on more than one occasion while employed by Defendant.

49. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

50. Defendant's conduct violated the ADA.

51. Plaintiff has satisfied all statutory prerequisites for filing this action.

52. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

53. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

54. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Disability Discrimination in Violation of the IHRA

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

56. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA.

57. Plaintiff is a member of a protected class.

58. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on his disability.

60. Plaintiff has been damaged by the illegal conduct of Defendant.

61. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Retaliation in Violation of the IHRA

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

65. Plaintiff engaged in protected activity under the IHRA on more than one occasion while employed by Defendant.

66. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

67. Defendant's conduct violates the IHRA.

68. The Plaintiff has satisfied all statutory prerequisites for filing this action.

69. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling him to punitive damages.

### PRAYER FOR RELIEF

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

      b)      Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

      c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Dated: May 7, 2019

                  Respectfully Submitted:

                  **/s/ Gary Martoccio**
                  Gary Martoccio
                  Illinois Attorney Registration No. 6313431
                  **Spielberger Law Group**
                  111 W. Jackson, Suite 1700
                  Chicago, IL 60604
                  T: (800) 965-1570 ext. 106
                  F: (866) 580-7499
                  Gary.Martoccio@spielbergerlawgroup.com

                  *Counsel for Plaintiff*

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA<br>[X] EEOC | 440-2018-01884 |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Alan Kay | 331-318-8749 | 12/19/1965 |

Street Address: 165 N Lancaster Dr., Bolingbrook, IL 60440

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BluEdge | 20+ | 312-243-1250 |

Street Address: 650 West Lake St., Ste. 120, Chicago, IL 60661

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01/2017   Latest: 05/22/2017
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Statement of Harm:** I suffer from a serious medical condition as management is aware. I requested a reasonable accommodation in the form of a brief medical leave. BluEdge approved my initial request for leave, but did not allow me to use my PTO to cover my additional medical leave request. Allowing me this would not have posed an undue hardship on BluEdge. Shortly thereafter, I was terminated for alleged attendance issues, despite many of my alleged attendance issues being tied to my disability. In addition, other, non-disabled employees were able to use their PTO to cover time out of the office.

**Statement of Discrimination:** I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act (ADA).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 12/14/17

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED EEOC
DEC 1 5 2017
CHICAGO DISTRICT OFFICE

# EXHIBIT B

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Alan Kay<br>c/o Gary Martoccio<br>**SPIELBERGER LAW GROUP**<br>202 S Hoover Blvd<br>Tampa, FL 33609 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-01884 | Eva Baran,<br>Investigator | (312) 869-8023 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)      *Julianne Bowman*     2/6/19
                                        **Julianne Bowman,**     (Date Mailed)
                                        **District Director**

cc:     Lori DeHart
        Human Resources Director
        **BLUEDGE**
        44 West 18th Street
        New York, NY 10011

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

## PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

## ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

## DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT<br>Northern District of Illinois<br>**Eastern Division at Chicago**<br>219 South Dearborn Street<br>Chicago, IL 60604<br>312-435-5670 | | U.S. DISTRICT COURT<br>Central District of Illinois<br>**Urbana Division**<br>201 South Vine<br>Urbana, IL 61801<br>217-373-5830 | |
|---|---|---|---|
| **Counties** | | **Counties** | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Piatt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT<br>Northern District of Illinois<br>**Western Division at Rockford**<br>211 South Court Street<br>Federal Building<br>Rockford, IL 61101<br>815-987-4355 | | **Peoria Division**<br><br>100 N.E. Monroe Street<br>135 Federal Building<br>Peoria, IL 61602<br>309-671-7117 | |
| **Counties** | | **Counties** | |
| Boone | McHenry | Bureau | McLean |
| Carroll | Ogle | Fulton | Peoria |
| DeKalb | Stephenson | Hancock | Putnam |
| JoDaviess | Whiteside | Knox | Stark |
| Lee | Winnebago | Livingston | Tazewell |
| | | Marshall | Woodford |
| | | McDonough | |
| U.S. DISTRICT COURT<br>**Southern District of Illinois**<br>750 Missouri Avenue<br>East St. Louis, IL 62201<br>618-482-0671<br>*and*<br>301 Main Street<br>Benton, IL 62812<br>618-438-0671 | | **Rock Island Division**<br>211 19th Street<br>Rock Island, IL 61201<br>309-793-5778 | |
| **Counties** | | **Counties** | |
| Alexander | Johnson | Henderson | Rock Island |
| Bond | Lawrence | Henry | Warren |
| Calhoun | Madison | Mercer | |
| Clark | Marion | **Springfield Division** | |
| Clinton | Monroe | 600 East Monroe Street | |
| Crawford | Perry | Springfield, IL 62701 | |
| Cumberland | Pope | 217-492-4020 | |
| Edwards | Pulaski | | |
| Effingham | Randolph | **Counties** | |
| Fayette | Richland | Adams | Logan |
| Franklin | St. Clair | Brown | Macoupin |
| Gallatin | Saline | Cass | Mason |
| Hamilton | Union | Christian | Menard |
| Hardin | Wabash | DeWitt | Montgomery |
| Jackson | Washington | Green | Morgan |
| Jasper | Wayne | Pike | Schuyler |
| Jefferson | White | Shelby | |
| Jersey | Williamson | | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220
STATE & LOCAL FAX: (312) 869-8077
LEGAL FAX: (312) 869-8124

FILE REVIEWS FAX: (312) 869-8220
MEDIATION: (312) 869-8060
HEARINGS FAX: (312) 869-8125

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and either mailed to the address above, faxed to **(312) 869-8220** or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). *Be sure to include your name, address, phone number and EEOC charge number with your request.*

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

\*    **Before filing a lawsuit,** but within 90 days of your receipt of the Right to Sue, or

\*    **After your lawsuit has been filed.** If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Print Group, 60 East Van Buren, Suite 1502, Chicago, IL 60605, (312) 542-1300.** You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, **it is recommended that you first review your file** to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent **in its entirety** to the copy service, **and you will be responsible for the cost**. Payment must be made directly to **Aloha Print Group**, which charges 15 cents per page.

(Revised 04/20/2016, previous copies obsolete)